UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA LUBARSKY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Cause No. 3:08-cv-184 PPS |
| ) | |
| INOVA FEDERAL CREDIT UNION ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Lisa Lubarsky claims to have blown the whistle on a manager's shady dealings at her former employer, INOVA Federal Credit Union. The company returned the favor by allowing that manager to fire Lubarsky. Lubarsky responded by filing suit against INOVA, alleging retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964. The trouble is that Title VII does not prohibit all acts of retaliation; it only prohibits retaliation against an employee for the employee's involvement in combating discrimination prohibited by Title VII. Because Lubarsky does not allege that she engaged in conduct protected by Title VII, her termination was not in violation of its prohibition on retaliation. The motion to dismiss is therefore granted.

## BACKGROUND

INOVA is a credit union in Elkhart, Indiana. (DE 5 ¶2.)[1] Lubarsky started working for INOVA in October of 2005. (*Id*. ¶4.) She was a good employee during the year and a half she worked at INOVA. (*Id*. ¶¶4-7.) In February 2007, INOVA repossessed a Harley Davidson

---

[1] Because I am considering a motion to dismiss, I construe the complaint in the light most favorable to the plaintiff, and accept all well-plead facts as true. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

1

motorcycle, but the repossession was not processed in compliance with INOVA's protocols. (*Id.* ¶¶9-10.) Instead, one of INOVA's department managers, Lisa Adams, took a particular interest in the Harley and appears to have short-circuited INOVA's protocols so that she could purchase it. (*Id.* ¶¶11-13.) Lubarsky even witnessed Adams' husband and daughter examine the loan documents related to the Harley, which violated the company's policies. (*Id.* ¶11.) Lubarsky reported Adams' activities to her supervisor, Diana Suchert, and others further up INOVA's chain of command. (*Id.* ¶¶14-16.) Shortly thereafter, Suchert was removed from her position as Lubarsky's supervisor, and the next day Suchert came to Lubarsky's office and verbally attacked her. (*Id.* ¶¶18-19.) Suchert left Lubarsky's office in tears, and Lubarsky reported the incident to the HR department, which told her to complain to Adams, who in turn told her to talk to an INOVA executive. (*Id.* ¶¶19-20.) Two days later, INOVA terminated Lubarsky for, among other things, insubordination and making false accusations against her supervisor. (*Id.* ¶22.)

Lubarsky alleges that she "was in fact fired by Lisa Adams," and that her termination "was in retaliation for [Lubarsky's] reporting and participation in an investigation concerning the suspicious activity of Lisa Adams." (*Id.* ¶¶23-24.) Lubarsky asserts a claim for retaliatory discharge under 42 U.S.C. § 2000e-3(a). (*Id.* ¶26.) INOVA moved to dismiss the complaint, arguing that it fails to state a claim under § 2000e-3(a) because it does not allege that Lubarsky engaged in any conduct protected by Title VII. (*See* DE 12 & 13.)

## DISCUSSION

The minimum requirements for pleading a claim for relief are contained in Rule 8. That Rule requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 12(b)(6), on the other hand,

authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.

Last year the Supreme Court retooled its interpretation of the pleading standards in the context of a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Prior to *Bell Atlantic* the standard had basically remained static for nearly fifty years. In *Bell Atlantic*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (brackets omitted). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. In so holding, *Bell Atlantic* retired the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). *See also Tamayo*, 526 F.3d at 1082-83; *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

Two weeks after deciding *Bell Atlantic*, the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). 127 S.Ct. at 2200. In an effort to reconcile *Bell Atlantic* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does

3

not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

The Seventh Circuit has also cautioned courts not to "overread" *Bell Atlantic*. *See Limestone*, 520 F.3d at 803. *See also Tamayo*, 526 F.3d at 1082. *Bell Atlantic* essentially "impose[s] two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (quotation marks and ellipses omitted). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id*. (quotation marks omitted). In other words, "[a] complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face . . . [but] how many facts are enough will depend on the type of case." *Limestone*, 530 F.3d at 803 (quotation marks and citations omitted).

Section 2000e-3 makes it unlawful for an employer to retaliate against an employee "because [she] has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). A plaintiff in a retaliation case can prove the claim using either the direct or indirect methods, but either way the plaintiff must show that she engaged in a statutorily protected activity. *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007). To constitute protected expression, the plaintiff's original complaint (or report within the company) must indicate that discrimination has "occurred because of sex, race, national origin, or some other protected class." *Id*. at 563 (quotation marks omitted). *See also Bernier v. Morningstar, Inc.*, 495 F.3d 369, 376 (7th Cir. 2007); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663-64 (7th Cir. 2006). So long as the plaintiff's original claim of

discrimination was not unreasonable, the plaintiff's expression can be protected, even if it is mistaken on the merits. *See Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 892 (7th Cir. 2004).

Lubarsky's complaint makes it clear that she did not complain about unlawful discrimination at INOVA. She instead complained that Adams violated INOVA's policies and manipulated its system so that Adams could purchase the Harley. (*See* DE 5 ¶¶10-16.) Lubarsky claims that her complaints about Adams were the protected expression that elicited INOVA's retaliation. (*See id*. ¶27.) But that in no way implicates Title VII, and it is therefore not protected expression with respect to Title VII's anti-retaliation provision. *See Kodl*, 490 F.3d at 563. So even if I assume that all of the allegations in the complaint are true, Lubarsky fails to state a claim for relief under 42 U.S.C. § 2000e-3.

Lubarsky argues that her conduct should be protected because she blew the whistle on improper activities that violated public policy. (*See* DE 15.) This may well be true. Indeed, she cites a series of state cases in her response brief that plausibly support such a theory. But all of these cases are state wrongful termination cases, not Title VII retaliation cases. She may have a viable state law wrongful termination claim. But such a claim would need to be filed in state court (or here if the parties are diverse and the amount in controversy is met). But that is not the claim she has brought in the present complaint. And since Title VII does not contain a blanket prohibition on firing employees in retaliation for reporting improper activity – it only protects employees who complain about impermissible discrimination – the complaint must be dismissed.

In sum, while Lubarsky might conceivably pass the first *Bell Atlantic* hurdle in that she has given sufficient notice that she seeks relief under 42 U.S.C. § 2000e-3(a), her complaint cannot survive the second hurdle. *See Concentra*, 496 F.3d at 776. She has not alleged

5

sufficient facts to make relief plausible under her Title VII retaliation claim. Therefore, the complaint must be dismissed.

Lubarsky's retaliation claim fails for another reason as well. In order for Lubarsky to assert a claim under Title VII, she must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1). In Indiana, she must do so within 300 days of the date of her termination. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S. Ct. 2162, 2166-67 (2007); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002); *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 445 (7th Cir. 1994). There is no allegation that Lubarsky did so. Nor is there any allegation that she has filed her complaint in compliance with § 2000e-5(f). Thus, dismissal of Lubarsky's complaint is proper for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendant INOVA Federal Credit Union's Motion to Dismiss [DE 12] is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.** Lubarsky is given thirty days to file an amended complaint if she believes she can make sufficient allegations to cure the shortcomings in her complaint pointed out in this order.

**SO ORDERED**.

ENTERED: August 27, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT